**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. 3:21-CV-2280-S-BH |
| § | |
| **ESHCOL HEALTH CARE** § | |
| **SERVICES INC.,** § | |
| § | |
| Defendant. § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By electronic order of reference dated February 7, 2022 (doc. 11), before the Court is *United States' Motion for Default Judgment*, filed February 4, 2022 (doc. 10). Based on the relevant filings and applicable law, the motion for default judgment should be **GRANTED**.

## I. BACKGROUND

The United States of America (Plaintiff) brings this action for recoupment of Medicare overpayments against Eshcol Health Care Services Inc. (Defendant). (*See* doc. 1.) The Medicare Program, established under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, and commonly known as the Medicare Act, pays for covered medical care to eligible elderly and disabled persons. (*Id.* at 2.)[1] The Secretary of the Department of Health and Human Services (HHS) administers the Medicare Program and has delegated this function to the Center for Medicare and Medicaid Services (CMS). (*Id.*) Defendant was a provider under the Medicare Program. (*Id.*)

Plaintiff alleges that it paid Defendant $64,432.07 in benefits under the Medicare Program that it was not entitled. (*Id.* at 2-3.) From between May 19, 2016 and November 14, 2017, CMS sent

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

notices to Defendant of its decision that "Defendant had been paid more than was legally permissible under the Medicare Program and offered Defendant an opportunity to appeal the CMS decision." (*Id.* at 2, 4-44.)  As of July 7, 2021, Defendant is indebted to Plaintiff "in the amount of $87,603.32 (principal and interest) for the Medicare overpayments . . ., with additional interest pursuant to 42 C.F.R. § 405.378." (*Id.* at 3, 45-56.)

On September 24, 2021, Plaintiff filed this civil action against Defendant seeking judgment in the amount of $87,603.32, with interest accruing at $17.29 per day from July 8, 2021 through the date of judgment, as well as costs of suit and post-judgment interest. (*Id.* at 3.)  A summons was issued for Defendant on the same day this action was filed. (doc. 4.)  At Plaintiff's request, a summons was reissued on October 22, 2021. (docs. 5-6.)  On November 1, 2021, Plaintiff properly served Defendant. (doc. 7.)  Defendant failed to answer or respond to the complaint, and Plaintiff sought entry of default, which the Clerk of Court entered on January 25, 2022. (docs. 8-9.)

## II. MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment under Rule 55 of the Federal Rules of Civil Procedure. (*See* doc. 10.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins.*

2

*Co.*, 84 F.3d at 141. Here, because Defendants have failed to plead or otherwise defend, and Plaintiff has obtained an entry of default on them, the first two requisites for a default judgment have been met. (docs. 4, 6, 7.) Remaining for determination is whether a default judgment is warranted.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the plaintiff's complaint provides a sufficient factual basis for the plaintiff's claim for relief, and whether the requested relief is

3

appropriate. *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

A.   **Procedurally Warranted**

Courts consider numerous factors in deciding whether to grant a motion for default judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The applicable factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see Lindsey*, 161 F.3d at 893 (citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685); *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (same).

Plaintiff seeks a judgment against Defendant in the amount of $87,603.32 for Medicare overpayments, prejudgment interest of $17.29 per day after July 8, 2021, and post-judgment interest. (docs. 1 at 3; 10.) It attaches a Certificate of Indebtedness showing that as of July 7, 2021, Defendant was indebted to it in the amount of $87,603.32, with daily interest of $17.29 as of July 8, 2021, and a declaration from its attorney (Declaration) affirming that "no payments or credits have been received or applied to Defendant's account since the execution of the Certificate of Indebtedness." (doc. 10-1 at 3-15.)

Under the first factor, although the requested judgment of $87,603.32 could be considered substantial, that "is not dispositive." *US Green Bldg. Council, Inc. v. Wardell*, No. 3:14-CV-01541-M-BH, 2016 WL 3752964, at *3 (N.D. Tex. June 17, 2016), *adopted by* 2016 WL 3766362 (N.D. Tex. July 11, 2016).  As for the second factor, there are no material issues of fact in dispute, since Defendant has failed to file any responsive pleadings in this case. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact").  Although the default appears to be technical in nature (third factor), Plaintiff is prejudiced and harmed by the continued delay in this case, which is the fourth factor. *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt).  Under the fifth and sixth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts given that Defendant has received ample notice of this action and sufficient time to respond. *See Lindsey*, 161 F.3d at 893; *see also J & J Sports Prods.*, 126 F. Supp.3d at 814 ("Defendants' failure to respond to Plaintiff's Complaint or otherwise appear in this case for the past ten months 'mitigat[es] the harshness of a default judgment.'") (citations omitted).  The seventh, eighth, and ninth factors similarly favor default judgment because Defendant has not offered any evidence that its failure to answer was the product of a good faith mistake or excuse, Plaintiff has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default. *See Lindsey*, 161 F.3d at 893.

Because Defendant was properly served in this action and failed to answer or otherwise defend itself, the grounds for default judgment are clearly established. (*See* docs. 7-9.)  Accordingly,

5

default judgment is procedurally warranted.

**B.     Sufficient Factual Basis**

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id.* at 498. Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id.* at 498 n.3.

Plaintiff seeks to recover Medicare overpayments unlawfully retained by Defendant. (*See* docs. 1 at 2-3; 10.) "The Medicare program allows HHS to recoup funds that it overpaid to a health-care provider." *Med-Cert Home Care, L.L.C. v. Becerra*, 19 F.4th 828, 829 (5th Cir. 2021) (citing 42 U.S.C. § 1395ddd(f)).

Plaintiff alleges that Defendant received $64,432.07 in benefits under the Medicare Program to which it was not entitled. (doc. 1 at 2.) Plaintiff's complaint and exhibits indicate that CMS

properly notified Defendant that Plaintiff had paid it more than it was due under the Medicare Program, that CMS was entitled to seek recovery of those overpayments, and that it could appeal the overpayment decision. (*Id.* at 2-3, 4-44.) The Certificate of Indebtedness attached to its complaint and motion for default judgment show that as of July 7, 2021, Defendant is indebted to Plaintiff in the amount of $87,603.32, comprising principal and interest, with daily interest of $17.29 as of July 8, 2021. (docs. 1 at 45-56; 10-1 at 3-14). The Declaration in support of its motion for default judgment affirms that no payments have been made since the execution of the Certificate of Indebtedness. (doc. 10-1 at 15.) Plaintiff has alleged sufficient facts in support of its claim against Defendant for recoupment of Medicare overpayments and there is a sufficient basis in the pleadings for recovery of the amounts it overpaid plus daily interest. *See United States v. GentleTouch Healthcare, Inc.*, No. A-21-CV-725-RP, 2022 WL 3449496, at *2-3 (W.D. Tex. June 14, 2022) (finding United States entitled to default judgment on Medicare overpayment claim based on substantially similar allegations and evidence); *United States v. MGA Med. Equip., Inc.*, No. 3:17-CV-2760-N-BT, 2019 WL 540713, at *2-3 (N.D. Tex. Jan. 2, 2019), *adopted by* 2019 WL 536519 (N.D. Tex. Feb. 11, 2019) (same).

C. **Appropriateness of Relief**

In awarding relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The relief requested in a plaintiff's complaint limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n. 3 (5th Cir. 1975). Damages on a default judgment are normally not awarded without a hearing or a demonstration by detailed affidavits; a hearing is unnecessary, however, if the amount of damages can be determined with a mathematical calculation by reference to the pleadings and

supporting documents. *See James*, 6 F.3d at 310. The plaintiff has the burden to provide an evidentiary basis for the damages it seeks. *Broadcast Music, Inc. v. Bostock Billiards & Bar Assoc.*, No. 3:12-CV-413-B, 2013 WL 12126268, at *3 (N.D. Tex. Jan. 18, 2013).

Plaintiff seeks to recover $87,603.32 for Medicare overpayments to Defendant, pre-judgment interest of $17.29 per day after July 8, 2021, and post-judgment interest. (doc. 1 at 3.) Its motion seeks recovery against Defendant for all damages, prejudgment interest, post-judgment interest, and costs to which it is entitled. (docs. 10 at 1-2; 10-1.) It alleges that as of July 7, 2021, Defendant was indebted to it for $87,603.32 for Medicare overpayments, and it attached to its complaint the Certificate of Indebtedness affirming that amount "with interest accruing from July 8, 2021 at $17.29 per day." (*See* doc. 1 at 3, 45-56.) It attached the same certificate to its motion for default judgment, as well as the Declaration affirming that "no payments or credits have been received or applied to Defendant's account since the execution of the Certificate of Indebtedness." (*See* doc. 10-1 at 3-15.) These documents establish that Defendant is indebted to Plaintiff for $87,603.32, with daily interest of $17.29 beginning July 8, 2021. (*See* docs. 1 at 3, 45-56; 10 at 1-2; 10-1 at 3-15.) A hearing is therefore unnecessary because the amount of damages are "ascertainable from the . . . motion, or the evidence attached thereto, or otherwise capable of mathematical calculation." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 WL 2856006, at *2 (N.D. Tex. Apr. 18, 2016) (citing *James*, 6 F.3d at 310; *Crawford v. Lee*, 3:10-CV-1499-L, 2011 WL 2115824, at *4 (N.D. Tex. May 24, 2011), *adopted* by 2016 WL 2853565 (N.D. Tex. May 13, 2016)).

Because the requested relief does not differ in kind from, or exceed in amount, what is demanded in the pleadings, the only remaining issue is whether the relief requested is appropriate based on the governing law. *See Chevron Intellectual Property, LLC v. Allen*, No. 7:08-CV-98-O,

2009 WL 2596610, at *3 (N.D. Tex. Aug. 24, 2009). Based on Plaintiff's complaint, default motion, and attached evidence, it has shown that it is entitled to recover damages in the amount of $87,603.32, plus prejudgment interest of $17.29 per day from July 8, 2021 until the date of judgment, for Medicare overpayments to Defendant, along with its costs of suit and post-judgment interest. *See GentleTouch Healthcare*, 2022 WL 3449496, at *3 (awarding the amount of Medicare overpayment plus daily prejudgment interest to the United States based on a certificate of indebtedness); *MGA Med. Equip.*, 2019 WL 540713, at *3 (same).

### III. RECOMMENDATION

Plaintiff's motion for default judgment should be **GRANTED**, and it should be awarded $87,603.32 in damages, prejudgment interest at a rate of $17.29 per day from July 8, 2021 until judgment is entered in this action, its costs of suit, and post-judgment interest at the applicable federal rate from the date of judgment until paid in full.

**SO RECOMMENDED** on this 22nd day of August, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE